# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICIA ANN FISCHER<br>24 Douglas Street<br>Boyertown, PA 19512 | * * | |
| and | * | |
| WAYNE FISCHER<br>24 Douglas Street<br>Boyertown, PA 19512 | * * | |
| Plaintiffs, | * | |
| vs. | * | |
| RUBIE MARTIN<br>409 143rd Street, Apt. 54<br>Ocean City, MD 21842 | * * | Case No.: _____ |
| and | * | |
| 7-ELEVEN, INC.<br>P.O. Box 219088<br>Dallas, TX 75221 | * | |
| Serve on: Corporate Creations<br>Network, Inc., Resident Agent<br>2 Wisconsin Circle, Suite 700<br>Chevy Chase, MD 20815 | * * * | **JURY TRIAL PRAYED** |
| and | * | |
| ROMMEL INFRASTRUCTURE INC.<br>28410 Crown Road<br>Eden, MD 21822 | * * | |
| Serve on: Abba David Poliakoff,<br>Resident Agent<br>1001 Fleet Street, Suite 700<br>Baltimore, MD 21202 | * * | |
| and | * | |

1

| | |
|---|---|
| STATE OF MARYLAND | * |
| c/o Dereck E. Davis, Treasurer | |
| Goldstein Treasury Building | * |
| 80 Calvert Street | |
| Annapolis, MD 21401 | * |
| | |
| Defendants. | * |

*   *   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

NOW COME the Plaintiffs, Patricia Ann Fischer and Wayne Fischer, by their attorneys, Vadim A. Mzhen, Angelica A. Carliner, and Lebowitz and Mzhen, LLC, and, in support of their claims against the Defendants state:

1. Plaintiff Patricia Ann Fischer is an adult resident of Montgomery County, Pennsylvania.

2. Plaintiff Wayne Fischer is an adult resident of Montgomery County, Pennsylvania.

3. Defendant Rubie Martin is an adult resident of Worcester County, Maryland.

4. Defendant 7-Eleven, Inc. is a Texas corporation that conducts regular business in Maryland.

5. Defendant Rommel Infrastructure Inc. is a Maryland corporation with a principal place of business located in Maryland.

6. Defendant State of Maryland is public entity located in Maryland.

7. The events described herein occurred in Worcester County, Maryland.

8. The amount in controversy exceeds $75,000.00.

9. Jurisdiction is proper in The United States District Court for the District of Maryland under 28 U.S.C. §1332(a)(1).

10. On or about August 19, 2020, at approximately 5:00 p.m., Plaintiffs Patricia Ann Fischer and Wayne Fischer were walking east on the sidewalk adjacent to the north side of the parcel of land (hereinafter sometimes referred to as the "Parcel of Land") upon which is located a building (hereinafter

sometimes referred to as the "Building") with the address of 11911 Coastal Highway, in Worcester County, Maryland, near the intersection of Edward Taylor Road and Coastal Highway. Plaintiffs Patricia Ann Fischer and Wayne Fischer were holding hands at the time.

11. The sidewalk was too narrow for two people to walk side by side, so Plaintiff Patricia Ann Fischer stepped off the sidewalk to the right, onto a grassy area on the Parcel of Land, when suddenly, she was tripped by a metal rod that was protruding out of the ground by approximately 6-8 inches. As a result of being tripped by the protruding metal rod, Plaintiff Patricia Ann Fischer lost her balance, but was able to prevent a fall by holding onto Plaintiff Wayne Fischer's hand. This maneuver caused Plaintiff Patricia Ann Fischer's body to jerk back and forth, suddenly, and awkwardly.

12. At all relevant times, the Building was occupied by a 7-Eleven convenience store franchise.

13. At all relevant times, Defendant 7-Eleven, Inc. was the owner of the Parcel of Land, including the location where the incident described in paragraph 11 occurred.

14. At all relevant times, Defendant Rubie Martin was the owner-operator of the 7-Eleven franchise located in the Building at 11911 Coastal Highway.

15. As a result of the incident described in paragraph 11, Plaintiff Patricia Ann Fischer sustained serious, painful, and permanent injuries to her head, neck, cervical spine, lower back, lumbar spine, right arm, and right hand.

16. As a result of the incident described in paragraph 11, Plaintiffs Patricia Ann Fischer and Wayne Fischer sustained injuries to their marital relationship.

<u>COUNT I – PLAINTIFF PATRICIA ANN FISCHER v. DEFENDANT RUBIE MARTIN</u>
(Negligence)

17. Plaintiff Patricia Ann Fischer incorporates paragraphs 1-16 as if fully set forth herein.

3

18. At all relevant times, Defendant Martin owned and operated the 7-Eleven convenience store franchise located in the Building at 11911 Coastal Highway.

19. At all relevant times, Defendant Martin held her 7-Eleven location out to the general public as open to the general public.

20. At all relevant times, Defendant Martin, as the owner-operator of the 7-Eleven located at 11911 Coastal Highway which she held out to be open to the general public, knew or should have known of the unreasonable risk of injury posed by the metal rod protruding out of the ground located on the Parcel of Land.

21. At all relevant times, despite having actual or constructive knowledge of the unreasonable risk of injury posed by the metal rod protruding out of the ground located on the Parcel of Land, Defendant Martin failed to post reasonable signs to warn Plaintiff Patricia Ann Fischer of the dangerous condition presented by the protruding metal rod and failed to warn and notify Plaintiff Patricia Ann Fischer in any other manner.

22. At all times relevant herein, as the owner-operator of the 7-Eleven located at 11911 Coastal Highway open to the general public, Defendant Martin had a duty to use reasonable and ordinary care to maintain the Parcel of Land safely for members of the general public such as Plaintiff Patricia Ann Fischer, and to protect members of the general public, including Plaintiff Patricia Ann Fischer against injury caused by an unreasonable risk, which Plaintiff Patricia Ann Fischer by exercising ordinary care, could not discover.

23. Defendant Martin breached that duty of care by failing to maintain the Parcel of Land safely for Plaintiff Patricia Ann Fischer, failing to protect Plaintiff Patricia Ann Fischer against injury caused by the unreasonable risk of injury posed by the protruding metal rod, and failing warn and notify Plaintiff Patricia Ann Fischer of the unreasonable risk of injury presented by the protruding metal rod.

24. Plaintiff Patricia Ann Fischer could not, by exercising ordinary and reasonable care, discover the protruding metal rod described in paragraph 11.

25. Defendant Martin's negligence proximately caused Plaintiff Patricia Ann Fischer to lose her former state of physical and mental well-being, and to suffer serious and permanent injuries about her head, neck, cervical spine, lower back, lumbar spine, right arm, right hand, body, and limbs, and to suffer great mental anguish, medical, physical therapy, and other expenses, as well as other injuries and damages.

26. All such injuries were caused directly and solely by the negligence of the Defendant Martin, and/or jointly and severally by the Defendant Martin along with co-Defendants 7-Eleven, Inc., Rommel Infrastructure Inc., and the State of Maryland, without any contributory negligence by the Plaintiff Patricia Ann Fischer.

WHEREFORE, the Plaintiff, Patricia Ann Fischer, demands judgment against Defendant, Rubie Martin, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

## COUNT II – PLAINTIFF PATRICIA ANN FISCHER v. 7-ELEVEN, INC.
(Negligence)

27. Plaintiff Patricia Ann Fischer incorporates paragraphs 1-16 as if fully set forth herein.

28. At all relevant times, Defendant 7-Eleven, Inc. was the owner of the Parcel of Land, including the location where the incident described in paragraph 11 occurred.

29. At all relevant times, Defendant 7-Eleven, Inc., held the Parcel of Land as open to members of the general public, like the Plaintiff Patricia Ann Fischer.

30. At all relevant times, Defendant 7-Eleven, Inc., as the owner of the Parcel of Land at 11911 Coastal Highway which it held out to be open to the general public, knew or should have known of the unreasonable risk of injury posed by the metal rod protruding out of the ground located

5

on the Parcel of Land.

31. At all relevant times, despite having actual or constructive knowledge of the unreasonable risk of injury posed by the metal rod protruding out of the ground located on the Parcel of Land, Defendant 7-Eleven, Inc. failed to post reasonable signs to warn the Plaintiff Patricia Ann Fischer of the dangerous condition presented by the protruding metal rod and failed to warn and notify Plaintiff Patricia Ann Fischer in any other manner.

32. At all times relevant herein, as the owner of the Parcel of Land open to the general public, Defendant 7-Eleven, Inc. had a duty to use reasonable and ordinary care to maintain the Parcel of Land safely for members of the general public such as the Plaintiff Patricia Ann Fischer, and to protect members of the general public, including the Plaintiff Patricia Ann Fischer, against injury caused by an unreasonable risk, which Plaintiff Patricia Ann Fischer, by exercising ordinary care, could not discover.

33. Defendant 7-Eleven, Inc. breached that duty of care by failing to maintain the Parcel of Land safely for the Plaintiff Patricia Ann Fischer, failing to protect the Plaintiff Patricia Ann Fischer against injury caused by the unreasonable risk of injury posed by the protruding metal rod, and failing warn and notify Plaintiff Patricia Ann Fischer of the unreasonable risk of injury presented by the protruding metal rod.

34. Plaintiff Patricia Ann Fischer could not, by exercising ordinary and reasonable care, discover the protruding metal rod described in paragraph 11.

35. Defendant 7-Eleven, Inc.'s negligence proximately caused Plaintiff Patricia Ann Fischer to lose her former state of physical and mental well-being, and to suffer serious and permanent injuries about her head, neck, cervical spine, lower back, lumbar spine, right arm, right hand, body, and limbs, and to suffer great mental anguish, medical, physical therapy, and other expenses, as well as other injuries and damages.

36. All such injuries were caused directly and solely by the negligence of the Defendant 7-Eleven, Inc., and/or jointly and severally by the Defendant 7-Eleven, Inc. along with co-Defendants Rubie Martin, Rommel Infrastructure Inc., and the State of Maryland, without any contributory negligence by the Plaintiff Patricia Ann Fischer.

WHEREFORE, the Plaintiff, Patricia Ann Fischer, demands judgment against Defendant, 7-Eleven, Inc., in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

### COUNT III – PLAINTIFF PATRICIA ANN FISCHER v. DEFENDANT ROMMEL INFRASTRUCTURE INC.
(Negligence)

37. Plaintiff Patricia Ann Fischer incorporates paragraphs 1-16 as if fully set forth herein.

38. Defendant Rommel Infrastructure Inc. is a construction company that, prior to August 19, 2020, performed and completed work on the Parcel of Land at 11911 Coastal Highway where the Plaintiff was tripped, as described in paragraph 10.

39. At all relevant times, Defendant Rommel Infrastructure Inc. was performing work as the employee and/or agent or apparent agent of the co-Defendant, the State of Maryland, its employer and/or principal or apparent principal, and was acting within the scope of its employment and/or agency or apparent agency in performing its duties as a construction company for and on behalf of, and at the direction and control of the State of Maryland, and in furtherance of the interests of the State of Maryland.

40. The Parcel of Land at 11911 Coastal Highway was open to the general public.

41. Defendant Rommel Infrastructure Inc. knew or should have known that the Parcel of Land at 11911 Coastal Highway was open to the general public.

42. In performing and/or upon completion of the work described in paragraph 38, Defendant Rommel Infrastructure Inc. negligently and carelessly left behind and/or caused the protruding metal rod to remain.

43. Defendant Rommel Infrastructure Inc. had a duty of care to perform and complete work on property that was open to the general public with due care and pursuant to proper standards and practices so as to prevent injury to members of the general public such as the Plaintiff Patricia Ann Fischer.

44. Defendant Rommel Infrastructure Inc. breached that duty of care by failing to perform and complete work with due care and pursuant to proper standards and practices so as to prevent injury to members of the general public by leaving behind and/or causing the protruding metal rod to remain where members of the general public, such as the Plaintiff Patricia Ann Fischer, could not, by exercising ordinary and reasonable care, discover the protruding metal rod.

45. Plaintiff Patricia Ann Fischer, by exercising ordinary and reasonable care, could not discover the protruding metal rod described in paragraph 11.

46. Defendant Rommel Infrastructure Inc.'s negligence proximately caused Plaintiff Patricia Ann Fischer to lose her former state of physical and mental well-being, and to suffer serious and permanent injuries about her head, neck, cervical spine, lower back, lumbar spine, right arm, right hand, body, and limbs, and to suffer great mental anguish, medical, physical therapy, and other expenses, as well as other injuries and damages.

47. All such injuries were caused directly and solely by the negligence of the Defendant Rommel Infrastructure Inc., and/or jointly and severally by the Defendant Rommel Infrastructure Inc. along with co-Defendants Rubie Martin, 7-Eleven, Inc., and the State of Maryland, without any contributory negligence by the Plaintiff Patricia Ann Fischer.

WHEREFORE, the Plaintiff, Patricia Ann Fischer, demands judgment against Defendant, Rommel Infrastructure Inc., in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

## COUNT IV – PLAINTIFF PATRICIA ANN FISCHER v. STATE OF MARYLAND
(Respondeat Superior)

48. Plaintiff Patricia Ann Fischer hereby incorporates paragraphs 1-16 and 37-47 as if fully set forth herein.

49. As the employer and/or principal or apparent principal of Defendant Rommel Infrastructure Inc., Defendant Maryland is responsible and liable for all of the acts and omissions committed by Defendant Rommel Infrastructure Inc. within the scope of Defendant Rommel Infrastructure Inc.'s employment and/or agency or apparent agency, including the acts and omissions that Defendant Rommel Infrastructure Inc. committed as described in paragraphs 38-44, that proximately caused serious and permanent injuries to the Plaintiff Patricia Ann Fischer.

50. On August 10, 2021, Plaintiff Patricia Ann Fischer timely sent to the State Treasurer by certified mail/return receipt requested, notification of a claim under the Maryland Tort Claims Act, Maryland State Government Code Annotated §§12-101 through 12-109. A copy of this letter is attached hereto as Exhibit 1.

51. By letter dated August 23, 2021, the State Treasurer's Office provided Plaintiff Patricia Ann Fischer with an official and final denial of this claim against the State. A copy of this letter is attached hereto as Exhibit 2.

WHEREFORE, the Plaintiff, Patricia Ann Fischer, demands judgment against Defendant, the State of Maryland., in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

<u>COUNT V – PLAINTIFFS WAYNE FISCHER AND PATRICIA ANN FISCHER v. DEFENDANT RUBIE MARTIN</u>
(Loss of Consortium)

52. Plaintiffs incorporate paragraphs 1-26 as if fully set forth herein.

53. Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint. They were married on September 24, 1988 and continue to be husband and wife.

54. The negligent conduct of the Defendant Rubie Martin, more specifically described in Count I, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, and companionship.

WHEREFORE, the Plaintiffs demand judgment against the Defendant Rubie Martin in the amount of Eighty Thousand Dollars ($80,000.00) in compensatory damages, plus interest and costs.

<u>COUNT VI – PLAINTIFFS WAYNE FISCHER AND PATRICIA ANN FISCHER v. 7-ELEVEN, INC.</u>
(Loss of Consortium)

55. Plaintiffs incorporate paragraphs 1-16 and 27-36 as if fully set forth herein.

56. Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint. They were married on September 24, 1988 and continue to be husband and wife.

57. The negligent conduct of the Defendant 7-Eleven, Inc., more specifically described in Count II, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, and companionship.

WHEREFORE, the Plaintiffs demand judgment against the Defendant 7-Eleven, Inc. in the amount of Eighty Thousand Dollars ($80,000.00) in compensatory damages, plus interest and costs.

<u>COUNT VII – PLAINTIFFS WAYNE FISCHER AND PATRICIA ANN FISCHER v. DEFENDANT ROMMEL INFRASTRUCTURE INC.</u>
(Loss of Consortium)

58. Plaintiffs incorporate paragraphs 1-16 and 37-47 as if fully set forth herein.

59. Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint. They were married on September 24, 1988 and continue to be husband and wife.

60. The negligent conduct of the Defendant Rommel Infrastructure Inc., more specifically described in Count III, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, and companionship.

WHEREFORE, the Plaintiffs demand judgment against the Defendant 7-Eleven, Inc. in the amount of Eighty Thousand Dollars ($80,000.00) in compensatory damages, plus interest and costs.

<u>COUNT VII – PLAINTIFFS WAYNE FISCHER AND PATRICIA ANN FISCHER v. STATE OF MARYLAND</u>
(Respondeat Superior)

61. Plaintiffs incorporate paragraphs 1-16, 37-47, 48-51, and 58-60 as if fully set forth herein.

62. Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint. They were married on September 24, 1988 and continue to be husband and wife.

63. The negligent conduct of the Defendant Rommel Infrastructure Inc., more specifically described in Count III, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, and companionship.

64. As the employer and/or principal or apparent principal of Defendant Rommel Infrastructure Inc., Defendant Maryland is responsible and liable for all of the acts and omissions committed by Defendant Rommel Infrastructure Inc. within the scope of Defendant Rommel Infrastructure Inc.'s employment and/or agency or apparent agency, including the acts and omissions that Defendant Rommel Infrastructure Inc. committed as described in paragraphs 58-60, that proximately caused injuries to the marital relationship of the Plaintiffs.

65. On August 10, 2021, Plaintiffs Wayne Fischer and Patricia Ann Fischer timely sent to the

11

State Treasurer by certified mail/return receipt requested, notification of a claim under the Maryland Tort Claims Act, Maryland State Government Code Annotated §§12-101 through 12-109. A copy of this letter is attached hereto as Exhibit 1.

66. By letter dated August 23, 2021, the State Treasurer's Office provided Plaintiffs Wayne Fischer and Patricia Ann Fischer with an official and final denial of this claim against the State. A copy of this letter is attached hereto as Exhibit 2.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, the State of Maryland, in the amount of Eighty Thousand Dollars ($80,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

Vadim A. Mzhen (Bar No. 25531)
Angelica A. Carliner (Bar No. 20686)
Lebowitz & Mzhen, LLC
9 Park Center Court, Suite 220
Owings Mills, Maryland 21117
410-654-3600
410-654-3601 (fax)
vamzhen@comcast.net
aacarliner@comcast.net
*Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues herein.

Angelica A. Carliner