IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| PATRICIA ANN FISCHER, et al | : | |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO.: 22-cv-01787-JRR |
| RUBIE MARTIN, et al | : | |
| Defendants | : | |

## MEMORANDUM IN SUPPORT OF STATE OF MARYLAND'S MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6) the State of Maryland by and through the undersigned counsel, hereby move to dismiss the complaint filed against them by Plaintiffs Patricia Ann Fischer and Wayne Fischer, alleging tort allegations. For the reasons stated below, the Complaint should be dismissed.

### I. Introduction

This case arises from an alleged tripping accident on August 1, 2020, when Plaintiffs Patricia Ann Fischer and Wayne Fischer were walking hand in hand on a sidewalk along MD Route 528 ("Coastal Highway") in an area fronting a 7-Eleven store. *See* Compl. ¶¶ 10, 11. While walking, Plaintiff Patricia Ann Fischer alleges she exited the sidewalk, stepping into an adjacent grassy area and tripped on a metal rod protruding from the ground. Compl. ¶¶ 10, 11. Plaintiff Patricia Ann Fischer allegedly sustained injuries as a result of tripping, though she does not allege that she fell. Compl. ¶¶ 11, 15. Plaintiff further alleges that the area in which she tripped was

under construction by Rommel Infrastructure, Inc., on behalf of the State of Maryland. Compl. ¶¶ 38, 39.

On or about July 20, 2022, Plaintiffs filed suit against Defendants Rubie Martin (owner and operator of the 7-Eleven), 7-Eleven, Inc., Rommel Infrastructure Inc. (construction company), and the State of Maryland. Plaintiffs have sought to recover damages from the State of Maryland based on alleged liability of Rommel Infrastructure, Inc. under the doctrine of *respondeat superior* (Counts IV and VII[1] [sic]); against Rubie Martin, for negligence and loss of consortium (Counts I and V); against 7-Eleven, Inc. under theories of negligence and loss of consortium (Counts II and VI); and against Rommel Infrastructure, Inc., under theories of negligence and loss of consortium (Counts III and VII).

Plaintiffs' allegations against the State lie in tort and therefore must be dismissed because the State maintains its Eleventh Amendment immunity in federal courts.

**Legal Standard**

A motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. PRO 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the statement of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" FED. R. CIV. PRO. 8(A)(2). While the standard does not require "detailed factual allegations", it does require "more than an unadorned the defendant-unlawfully-

---

[1] The first Count VII of the Complaint sets forth claims of loss of consortium against Rommel Infrastructure, Inc.; The second Count VII of the complaint alleges liability against the State of Maryland under a theory of respondeat superior.

harmed-me accusation". *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007). While the Court must accept <u>facts</u> as true and view the complaint in a light most favorable to the plaintiff, the court does not need to accept legal conclusions. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001)(emphasis added). A pleading cannot simply put forth "labels and conclusions" or "formulaic recitation of elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint that offers "naked assertions" without "further factual enhancement" is not sufficient. *Id.* at 557. Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570.

## Argument

**I.  Under the Eleventh Amendment, the State of Maryland is Entitled to Immunity From All Claims.**

The Court should dismiss the Complaint against the State because the State's limited waiver of immunity does not extend to tort actions brought in Federal Courts. Pursuant to the Eleventh Amendment,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Accordingly, "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court. *Board of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued." *Pennhurst State School and Hospital v. Halderman*, 465

U.S. 89, 99 (1984)(emphasis added). For this reason, the Supreme Court has consistently held that,

> A state's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment Immunity in the federal courts. *See, e.g., Florida Dept. of Health v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981)(*per curiam*). '[i]t is not consonant with our dual system for the federal courts ... to read the consent to embrace federal as well as state courts.... [A] clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found.' *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)."

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99, fn. 9 (1984). Consequently, Eleventh Amendment immunity is a limitation on the Federal Court's jurisdiction. *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 392 (1998)("A State's proper assertion of an Eleventh Amendment bar [even] after removal means that the federal court cannot hear the barred claim."). The Eleventh Amendment effectively acts as a 'block on the exercise of [subject matter] jurisdiction'". *See Gross v. Morgan State Univ.*, 308 F.Supp. 3d 861, 865 (D. Md. 2018).

The Supreme Court has interpreted the Eleventh Amendment as "largely shield[ing] [s]tates from suit in federal court without their consent, leaving parties with claims against a [s]tate to present them, if the [s]tate permits, in the State's own tribunal." *Hess v. Port Auth. TransHudson Corp.*, 513 U.S. 30, 39 (1994). There are two exceptions to the State's sovereign immunity pursuant to the Eleventh Amendment: (1) where the State expressly waives its immunity and consents to suit in federal court, *Green v. Mansour*, 474 U.S. 64, 68 (1985); *see also College Sav. Bank v. Fla Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 676 (1999)(requiring "clear declaration" of express waiver of immunity); or (2) where Congress has "unequivocally expressed its intent to abrogate the immunity" pursuant to a valid grant of constitutional authority. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996); *see also Kimel v. Florida Bd. of*

*Regents*, 528 U.S. 62, 73 (2000).[2] As relates to Plaintiffs' claims of negligence, loss of consortium, and theories of liability under the doctrine of *respondeat superior* against the State of Maryland, neither exception to the State's Eleventh Amendment immunity applies.

The State has neither waived nor consented to suit for tort claims in federal court. "[A] state's highest court is entitled to say what that state's law is on the question of consent to suit in a federal court." *Lee-Thomas v. Prince George's Cnty Pub. Sch.*, 666 F.3d 244, 252 (4th Cir. 2012)(citing *Palmer v. Ohio* 248 U.S. 32, 34 (1918). Maryland's highest court has found that any waiver of the State's immunity must come from the legislature. *State v. Sharafeldin,* 382 Md. 129, 140 (Md. 2004). Indeed, the State has only created a limited waiver of its sovereign immunity in *state* court, pursuant to the Maryland Tort Claims Act ("MTCA"). *See* Md. Code Ann., State Gov't § 12-104(a)(1)(explaining "[t]he immunity of the state and its units is waived as a tort action, *in a court of the State*, to the extent provided under paragraph (2) of this subsection." )(Emphasis added); *see also Westinghouse Electric Corp. v. West Virginia Dept. of Highways,* 845 F.2d 468, 470 (4th Cir. 1998) (emphasis in original) (citation omitted)(stating "a state statutory or constitutional provision will constitute a waiver of Eleventh Amendment immunity only if it contains an 'unequivocal' statement of the state's intention to subject itself to suit *in federal court.*"). Furthermore, the MTCA expressly declares that the State does not "waive any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other State, including any defense that is available under the Eleventh Amendment to the U.S. Constitution." *See* Md. Code Ann., State Gov't §12-103(2). Therefore, the first exception is inapplicable because the State has not expressly consented to suit in federal Court.

---

[2] The Fourth Circuit has recognized a third exception, not applicable here, applicable only where a party seeks prospective injunctive relief against state officials acting in violation of federal law, i.e. the *Ex parte Young* doctrine.

Secondly, Congress has clearly not been granted or expressed intent to abrogate the State's immunity for negligence. *See Smith v. Bernier,* 701 F. Supp. 1171, 1174-1175 (D. Md. 1988)(dismissing Plaintiffs' complaint against the State finding, *inter alia*, plaintiffs did not identify an act of Congress overriding State's Eleventh Amendment immunity from negligence actions for damages in federal court). The underlying allegations of the Plaintiffs' Complaint against the State are garden variety tort claims under a theory of *respondeat superior*. Plaintiffs have not-- and indeed, cannot-- identify any valid Congressional act abrogating the immunity afforded by the Eleventh Amendment. Thus, the second exception does not apply. Accordingly, the State cannot be sued in this Honorable Court, and Plaintiffs claims against the State must be dismissed.

## II. Conclusion

For the reasons discussed, the State of Maryland has Eleventh Amendment immunity which bars the Plaintiffs' Complaint.

Respectfully submitted,

/s/

DeNisha A. Watson (Bar No. 29214)
Assistant Attorney General

Maryland Department of Transportation
State Highway Administration
707 N. Calvert Street, 4th Floor
Baltimore, Maryland 21202
(410) 545-0040 (office)
(410) 209-5007 (fax)
dwatson2@mdot.maryland.gov
dwatson@oag.state.md.us